INHABITANTS OF BALDWIN *versus* TRUSTEES OF MINISTERIAL FUND IN BALDWIN.

It is provided by law, that " all personal property of the *inhabitants* of this State" shall be subject to taxation in the *manner* therein declared.

The term " inhabitants," as used in the Revised Statutes, embraces bodies corporate as well as individuals.

The property of corporations, when not otherwise subjected to assessment to the shareholders, is taxable to such corporation.

To incur such liability, it is not necessary that the corporation should be the owner of the property, or should have a beneficial interest therein; it is enough that they have the *legal* ownership.

Thus the trustees of a *fund* for the support of the gospel ministry, though living in different towns, are liable to be assessed for such *fund* in the town where the income is to be applied.

ON FACTS AGREED.

ASSUMPSIT to recover the taxes assessed in the year 1850, upon a fund held by defendants. [All objections to the form of the action were waived.]

The defendants are the trustees of the ministerial fund in Baldwin, under the provisions of an Act of Massachusetts, passed Feb. 15, 1816, making them a body politic and corporate forever.

The lands referred to in said Act, were originally reserved in the grant of the township, afterwards Baldwin, by the Commonwealth of Massachusetts, for the support of the gospel ministry in that town. Under the provisions of the Act of 1816, they were sold in the year 1818, and the proceeds were, and have continued to be funded ever since in the hands of the trustees. The income is to be appropriated to the support of the gospel ministry in that town.

In 1826, the town of Sebago was formed from territory originally a part of Baldwin. By the Act incorporating Sebago, it was provided, that the Act should not be construed to affect a division of the Congregational parish in Baldwin, or the ministerial fund of said parish, but the same shall be and remain as if this Act had not passed.

Since that time the inhabitants of said towns have continued, as formerly, to act in parish meetings, as one and the same parish, and the income of the fund has been appropriated, by vote of the trustees, according to the votes of the inhabitants of the two towns, in parish meeting assembled.

The board of trustees has always been constituted, since the division of the town of Baldwin, of individuals, part of whom resided in Baldwin, and part in Sebago. The treasurer, in 1850, resided in Baldwin.

It was agreed, that if said fund was legally liable to assessment in said town of Baldwin, the defendants should be defaulted; otherwise the plaintiffs should become nonsuit.

*Willis* and *Fessenden*, for the defendants.

1. This fund does not come within the provision of c. 159, of Acts of 1845, § 2. It is not the property of the trustees. They hold for a purpose in which they have no interest, and cannot be assessed for it as of their own estate.

It was not the property of any inhabitant, or number of

inhabitants.   It was controlled by the first parish in Baldwin.   *Richardson* v. *Brown*, 6 Greenl. 355.

But they had no property in the *fund*.   It was not theirs.

2.  To render personal property *taxable*, there must be a person to be taxed.  The language of § 2, sustains this position.   Where there is no *person* to whom such property is taxable, it cannot be liable.

The objection is not obviated by § 9 of the same Act. The trustees are not owners and they reside in different towns.

3.  It cannot be assessed to the treasurer of the first parish in Baldwin, for the property is not *held* by any religious society as a ministerial fund.   It is *held* by trustees who are bound to appropriate it in a certain specified mode. The treasurer of the trustees in not *ex officio* the treasurer of a religious society.   *Hunt* v. *Perley*, 34 Maine, 29.   It results from these positions that the property is not liable to assessment, because there is no legal mode in which such assessment can be made or enforced.   An assessment of the *fund* is merely nugatory.

*Shepley & Dana*, for the plaintiffs.

SHEPLEY, C. J. — The action has been commenced to recover the amount assessed in the year 1850, by the plaintiffs, upon a fund held by the defendants.   It is provided by the Act approved on April 5, 1845, c. 159, § 2, that "all personal property of the inhabitants of this State" — "shall be subject to taxation in the manner provided by this Act."

It is contended, that the fund does not come within this provision.   By the Act approved on February 15, 1816, it is provided, that the trustees and their successors, "shall be and continue a body politic and corporate forever." And by the Revised Statutes, that the word "person" may extend to and include bodies corporate as well as individuals.   That word is not used in the clause quoted from the second section, but it is followed by a provision, that the personal property of "persons not inhabitants of the State, shall be

subject to taxation." In enactments since the Revised Stat-utes were operative, it has not been considered necessary to name corporations, when it was intended to subject them to the provisions of the enactment; and the word person, may not have been carefully used in such cases. If the word "inhabitants" were not considered as including bodies corporate, there would be found in the Act no express pro-vision subjecting all their property to assessment. For they may have much personal property not subject to assess-ment in the manner provided for by the second mode of the tenth section. Provision is there made only for the assess-ment of real estate, machinery, and manufactured or unman-ufactured goods of the corporation. Yet it is quite apparent from those and other provisions of the Act, that no property of corporations in this State, except that of literary, benevo-lent, charitable and scientific institutions incorporated, was intended to be exempted from assessment to them, when not assessed to the owners of their shares.

The argument for the defence would require such a con-struction of the Act as would leave certain descriptions of personal property owned by corporations in the State, neith-er subjected to nor exempted from taxation by the Act. While the intention appears to have been to do one or the other; and such should be its construction, if it may be con-sistently with the use of language and the rules of law. The property of corporations, unless specially exempted, must be considered as liable to assessment to the corpora-tion, when not otherwise subjected to assessment to the shareholders.

It is further insisted, that property is subjected to assess-ment only in the manner provided by the Act; that no pro-vision is made for the assessment of this fund; that it is not included in the provision for the assessment of personal property to the owners, because the trustees are not the owners, having no interest in the fund.

It is true, that the persons composing the trustees have no interest in it; and that the corporation, by them repre-

sented, has no beneficial interest in it. It is not the less true, that the legal interest is vested in the corporation, although it holds the fund in trust to apply the income, as others may direct.

It is true, as the argument for the defence asserts, that the fund does not appear to be included in the cases enumerated in the ninth section, excepting certain property from assessment to the owners, in the town where they reside. This does not prevent its being subject to assessment, as in other cases of non-enumerated property.

There may be personal property, held by a corporation in trust and not as an accumulating fund, as provided for in the tenth section, and which may be liable to assessment to the legal owners although held in trust.

The Act does make a distinction between the assessment of property held in trust, of certain enumerated descriptions, and property not so held; but it does not appear to have done so in all descriptions of property. In other cases it appears to have been left subject to assessment to the legal owner, whether held in trust or not.

*Defendants defaulted.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.